UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: *Skybridge Spectrum Foundation*, | Civil Action No. 21-cv-1551 (TSC) |
| Warren Havens, *Petitioner* | Bankruptcy No. 21-bk-5-ELG |

## MEMORANDUM OPINION

*Pro se* Petitioner-Appellant Warren Havens ("Petitioner") appeals the dismissal of an involuntary bankruptcy petition he filed against Skybridge Spectrum Foundation ("Skybridge"), in the United States Bankruptcy Court for the District of Columbia. Appeal, ECF No. 1. Petitioner also moves for Summary Reversal of the Bankruptcy Court's decision. Mot. for Summ. Reversal, ECF No. 13. Respondent-Appellee Susan L. Uecker ("Respondent") opposes the appeal and the Motion for Summary Reversal. Appellee's Brief, ECF No. 12; Mem. Op., ECF No. 15. For the reasons set forth below, the court will DENY the appeal and DENY the motion.

### I.  BACKGROUND AND PROCEDURAL HISTORY

For over twenty years, Petitioner and Arnold Leong have been involved in litigation regarding the ownership and control of two entities holding licenses issued by the Federal Communications Commission (FCC). *Leong v. Havens*, No. 2002-070640 (Cal. Super. Ct. Nov. 16, 2015). On November 16, 2015, the Alameda County Superior Court appointed Respondent as the receiver to "take control and possession of all property and assets of [the Receivership Entities]; as well as all FCC licenses owned or controlled by [Petitioner] as an individual." *Id.* at 13.

In March 2016 Petitioner filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware on behalf of Skybridge Spectrum

Foundation. *In re Skybridge Spectrum Foundation*, 1:16-bk-10626 (Bankr. D. Del.). The Delaware court dismissed the voluntary petition, holding that the receivership order issued by the Alameda County Superior Court left Petitioner without corporate authority to put Skybridge into bankruptcy. *Id.*

On January 5, 2021, Petitioner filed an involuntary bankruptcy petition against Skybridge a/k/a SkyTel Joint Venture, which he claimed included Skybridge Spectrum Foundation, Verde Systems LLC, Telesaurus Holdings GB LLC, Environmentel LLC, Environmentel-2 LLC, Intelligent Transportation & Monitoring Wireless LLC, V2G LLC, and ATLIS Wireless LLC ("Receivership Entities"). *See* Request to Accept Amendment 1 of Jan. 20, 2021 to Form 205 Attached Statements at 8 (Jan. 20, 2021), ECF No. 2-3. Petitioner alleged that Skybridge owed him for debts including: (1) $70,000 allegedly advanced by Petitioner to Skybridge for attorney fees in a voluntary Chapter 11 case in the District of Delaware, (2) $80,000 for salaries and rent owed to him individually and "other," and (3) $80,000 for claims assigned by Petitioner to Polaris PNT 1, PB LLC, and Polaris PNT, PBC, and then reassigned to him prior to the filing of the involuntary petition. Petition at 3, ECF No. 2-2; D.C. Bankruptcy Order at 9, ECF No. 15-1. Respondent moved to dismiss, arguing that Skybridge is a non-profit and therefore could not be subject to an involuntary petition under Section 303 of the Bankruptcy Code. *See* D.C. Bankruptcy Order at 16. The United States Bankruptcy Court for the District of Columbia granted the motion to dismiss, finding that (1) Skybridge is "not a moneyed, business, or commercial corporation," and (2) Petitioner's claims against it are "the subject of a bona fide dispute as to liability or amount." *Id.* at 19.

Between the D.C. Bankruptcy Court's hearing on the motion to dismiss and the final order, Petitioner "continue[d] to file pleadings on the matter under advisement and issue baseless

discovery that appear[ed] calculated to harass other parties in th[e] Case and the Court" despite "clear order(s) of the Court with respect to post-hearing briefs and limitations on submission." Order of Dismissal at 1, *In re Skybridge Spectrum Foundation ("Skybridge I")*, 21-cv-1011 (D.D.C.), ECF No. 13.  Consequently, this court entered a temporary injunction barring Petitioner from "making any further filings in th[e] Case related in any way to the Motion to Dismiss, the hearing on the Motion to Dismiss, or any matter related thereto, without prior leave of Court." *Id.* at 2.  Petitioner appealed the temporary injunction in *Skybridge I* and separately appealed the D.C. Bankruptcy Court's order granting Respondent's motion to dismiss in this case. *In re Skybridge Spectrum Foundation ("Skybridge II")*, 21-cv-1551 (D.D.C.), ECF No. 1. The temporary injunction terminated once the D.C. Bankruptcy Court dismissed the action and this court consolidated the two appeals. *See* Order of Dismissal, *Skybridge I*.

Subsequently, this court set a briefing schedule for Petitioner's appeal from the D.C. Bankruptcy Court's final order.  11/12/21 Minute Order.  Petitioner mistakenly filed his opening brief in *Skybridge I* and thus moved to have his opening brief filed *nunc pro tunc* in *Skybridge II*. Mot. for Leave to File Nunc Pro Tunc, ECF No. 10.  Petitioner also included in that filing a motion to suspend the case and to extend his time for filing an opening brief.  Mot. to Suspend, ECF No. 10-1; Petitioner's Opening Brief, ECF No. 10-2.  Then, Petitioner moved for Summary Reversal.  The court granted Petitioner's Motion for Leave to File Nunc Pro Tunc and denied his Motion to Suspend and Extend Time on filing his Opening Brief.  9/4/22 Minute Order.  The main issues in Petitioner's brief and motion for reversal are whether the D.C. Bankruptcy Court erred in finding that 1) Respondent had the authority to file a motion to dismiss Petitioner's involuntary petition against Skybridge, and 2) Skybridge is a non-profit and consequently ineligible to be an involuntary debtor.

## II.  LEGAL STANDARD

Federal district courts have subject matter jurisdiction to review the final judgments of the bankruptcy courts in their judicial district.  *See* 28 U.S.C. § 158(a).  The district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*.  *Yelverton v. District of Columbia*, 529 B.R. 1, 3 (D.D.C. 2014).  The burden of proof is on the party seeking to reverse the bankruptcy court's holding.  *Anderson v. Bessemer City*, 470 U.S. 564, 573-574 (1985).  That party must show that the bankruptcy court's holding was clearly erroneous in its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached.  *Id.*  Clear error exists only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Moore v. Robbins*, 24 F. Supp. 3d 88, 94 (D.D.C. 2014) (internal quotation mark omitted).  "If the [fact-finding] court's account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Anderson*, 470 U.S. at 573-74.

Summary reversal is an extraordinary remedy, for which the petitioner bears the heavy burden of demonstrating both that the remedy is proper and that the merits of the claim so clearly warrant relief as to justify expeditious action.  *Vietnam Veterans Against The War/Winter Soldier Org. v. Morton*, 506 F.2d 53, 56 (D.C. Cir. 1974); *Grant v. Shanahan*, No. 19-5011, 2019 WL 2156344, at *1 (D.C. Cir. 2019).

### III.   ANALYSIS

**A. Receiver's Authority to Move to Dismiss on Behalf of Debtors**

In his motion for summary reversal, Petitioner contends that Respondent had no standing to move to dismiss his involuntary petition because custodians/receivers are prohibited from answering involuntary petitions. *See* Mot. for Summ. Reversal at 2.

A "custodian" includes a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding" not under the Bankruptcy Code. *See* 11 U.S.C. § 101(11)(A). While the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure explicitly permit a debtor to answer or contest an involuntary petition, they are silent on whether a receiver may do the same. *See* 11 U.S.C. § 303(d) ("the debtor or a general partner ... that did not join in the petition, may file an answer"); Fed. R. Bankr. P. 1011(a) (the "debtor named in an involuntary petition may contest the petition."). However, precedent suggests a receiver can answer if the debtor has not done so. To determine whether a receiver may file an answer, courts consider various factors, including whether the debtor filed an answer, the language of the state receivership statute, and the receiver's powers under the receivership order. *See In re Starlite Houseboats, Inc.*, 426 B.R. 375, 381 (Bankr. D. Kan. 2010) (finding receiver's motion to dismiss was properly filed because Kansas's receivership statute gave him the authority to "prosecute and defend" against all claims); *see also In re A & B Liquidating, Inc.*, 18 B.R. 922, 925 (Bankr. E.D. Va. 1982) (finding debtor did not file answer and that an assignee for the benefit of creditors was a proper party to answer an involuntary petition).

*In re 318 Retail, LLC*, 640 B.R. 407 (Bankr. N.D. Ill. 2022) held that an alleged debtor's failure to answer an involuntary petition supported allowing the receiver to seek dismissal, but not to answer or contest the petition. The court also found that the broad language of both the

state receivership statute and the receivership order suggested the receiver should have the right to file a responsive pleading. *Id.* at 412.

Relying on *In re 318 Retail*, Petitioner argues that Respondent improperly answered or contested the involuntary petition when she moved to dismiss it. *See* Mot. for Summ. Reversal at 2. But Petitioner mischaracterizes that case's holding, which distinguishes a motion to dismiss/responsive pleading from an answer. *In re 318 Retail* found that receivers are permitted to file the former but not the latter.

Here, as in *In re 318 Retail*, the alleged Debtor did not answer the involuntary petition. And the Receivership Order's language is similarly broad. The California Superior Court ordered and authorized Respondent to "do all the things, and incur the risks and obligations, ordinarily done or incurred by owners, managers, and operators of businesses and property similar to that possessed by the receiver, except the receiver shall not make any capital improvements to the property without court approval." D.C. Bankruptcy Order at 8 (citing Receivership Order at ¶ 14). As in *In re Starlite*, the California receivership statute includes broad language permitting a receiver to "bring and defend actions." Cal. Code of Civ. Proc. § 568. These factors suggest that Respondent had the authority to file a motion to dismiss the involuntary petition. Petitioner has not provided any evidence to the contrary and thus failed to meet the heavy burden for a motion for summary reversal. *Vietnam Veterans Against The War/Winter Soldier Org.*, 506 F.2d at 56. Accordingly, the motion is denied.

### B. Non-profit Exemption from Involuntary Bankruptcy Proceedings

Petitioner argues that the D.C. Bankruptcy Court erred in finding that Skybridge is a non-profit, which is exempt from involuntary petitions. Petitioner's Opening Brief at 11. As previously mentioned, the court may not disturb the D.C. Bankruptcy Court's finding unless it is

clearly erroneous. *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 537 (D.D.C. 2008), aff'd sub nom. *Greater Se. Cmty. Hosp. Found., Inc. v. Potter,* 586 F.3d 1 (D.C. Cir. 2009).

Involuntary petitions may be brought against a "person, except . . . a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced." 11 U.S.C. § 303(a). "The § 303(a) formulation of 'moneyed, business, or commercial corporation' embraces only corporations organized for profit." *In re Capitol Hill Healthcare Grp.*, 242 B.R. 199, 202 (Bankr. D.D.C. 1999).

In determining whether a corporation is organized for profit, courts review the corporation's organization under state law as well as the activities it engages in—i.e., whether the corporation is "operated for pecuniary gain." *Id.*; *In re MAEDC Mesa Ridge, LLC*, 334 B.R. 197, 200 (Bankr. N.D. Tex. 2005) (citing *Strassburger, McKenna, Gutnick & Potter v. Quinn (In re Grace Christian Ministries, Inc.)*, 287 B.R. 352, 355 (W.D. Pa. 2002)). Merely participating in commercial activity does not make a non-profit corporation a "moneyed, business, or commercial corporation." *MAEDC Mesa Ridge*, 334 B.R. at 201 (citing *Grace Christian Ministries*, 287 B.R. at 357 ("It is a non sequitur to conclude that a corporation is a "moneyed, business, or commercial corporation" merely because it charges and is paid a fee for its services.")); *see also Capitol Hill Healthcare*, 242 B.R. at 201-02 (finding that the business operations, transactions, and payments made by a non-profit hospital did not constitute operations for pecuniary gain).

Formed in 2006, Skybridge is a 501(c)(3) tax exempt non-profit, non-stock Delaware corporation that seeks to promote public safety, environmental protection, and the preservation and sound use of scarce public resources. *See* D.C. Bankruptcy Order at 22 (citing Tr. 4:11-5:7, Skybridge Delaware (Bankr. D. Del. July 27, 2016)). Petitioner concedes that Skybridge was

originally organized as a non-profit but claims that it transformed into a for-profit entity during Respondent's receivership because she used Skybridge for her "private inurement and profit." *See* Petitioner's Opening Brief at 11. He claims the D.C. Bankruptcy Court avoided evidence showing that Respondent took over Skybridge in 2016 and subsequently destroyed the organization. *See* Petitioner's Opening Brief at 9. Petitioner requests that this court review Skybridge's operations "as it is actually conducted," *id.*, but provides no evidence to establish that Skybridge is currently operating for profit or ever did. The D.C. Bankruptcy Court considered the fact that Skybridge is a validly incorporated non-profit corporation under Delaware law and that Petitioner is involved in ongoing litigation in which he argues that Skybridge is a non-profit. *See* D.C. Bankruptcy Order at 22. In his appeal, Petitioner provided no evidence rebutting the D.C. Bankruptcy Court's conclusion. Given the highly deferential standard of review, the court finds that the D.C. Bankruptcy Court did not clearly err, and agrees with its finding that "Skybridge is, and always has been, a non-profit corporation against which an involuntary petition may not be filed." *See* D.C. Bankruptcy Order at 42. Accordingly, the court affirms the D.C. Bankruptcy Court's Order.

## IV.   CONCLUSION

For the reasons set forth above, the court denies Petitioner's appeal, ECF No. 1, and Motion for Summary Reversal, ECF No. 13.

Date: August 29, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge